WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Eliseo Islas-Galeana,<br>            Petitioner,<br>v.<br>United States of America,<br>            Respondent.<br>_____ | CR 11-540 TUC-DCB<br>CV 11-652 TUC-DCB<br><br>**ORDER** |

Pending before this Court is Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Petition) pursuant to 28 U.S.C. § 2255. Petitioner specifically alleges that his trial counsel was ineffective because counsel failed to file a Notice of Appeal after defendant requested an appeal and counsel failed to file an *Andres* brief.

**A.    Conviction and Sentence**

Petitioner pleaded guilty on March 15, 2011, to violating Title 8 U.S.C. § 1326 for illegal re-entry after deportation, enhanced pursuant to subsection (b)(2) for having previously been convicted of an aggravated felony.  Defendant pled guilty, pursuant to a Plea Agreement containing a waiver of all appellate rights, both direct and collateral review.  (Doc. 15: Plea Agreement at 4-5.)[1]

---

[1] Document numbers refer to the Clerk's Record in CR 11-540 TUC DCB.

On June 15, 2011, visiting Judge William F. Downes sentenced the Petitioner to 57 months imprisonment and 3 years supervised release to run consecutive with a 12-month prison term imposed in a corresponding revocation proceeding.  Petitioner was on a term of supervised release from the Western District of North Carolina, when he committed the instant re-entry offense.  Petitioner was sentenced pursuant to the Plea Agreement containing the waiver of his appellate rights.

**B.     28 U.S.C. § 2255: Plea Agreement and Waiver of Right to Appeal**

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.*  In this action, Petitioner's waiver was clear, express, and unequivocal.

The right to petition for relief under 28 U.S.C. § 2255, like the right to bring a direct appeal, is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (citing *see Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")).  Like the waiver of the right to a direct appeal, a knowing and voluntary waiver of rights under 28 U.S.C. § 2255 is enforceable. *Id.* (citing *United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)).

2

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Therefore, an express waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014. The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *See Lampert*, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to

3

attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

Upon review of the record in this case, it appears that in addition to the terms of the waiver being expressed in writing in the Plea Agreement, both the Magistrate Judge, at the time of Defendant's plea, and the sentencing Court, at the time of sentencing, explained to and confirmed with the Defendant the waiver of appellate rights.  (Doc. 29: Transcript of Record (TR), Change of Plea (COP) at 5; Doc. 30: TR, Sentencing at 8.) Petitioner does not dispute this nor argue that he misunderstood or was misinformed regarding the waiver.  Instead, he "states for the record that immediately after sentencing, he instructed counsel to file a 'Notice of Appeal' on his behalf and also requested that counsel mailed (sic) him all briefs on direct appeal." (Petition at 2.)  He argues that even though he had waived his right to appeal, he asked his attorney to file the appeal, and it was ineffective assistance of counsel for his attorney to not file the appeal. (Petition at 6-7.)  Petitioner correctly states the law.

**C.     Ineffective Assistance of Counsel: Failure to File Appeal**

In the Ninth Circuit, assuming that after sentencing a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel.  This is the law, "as contrary to common sense as it seems." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2004).

A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687-690.  A petitioner fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet either the

"performance" *or* "prejudice" standard, and the district court may summarily dismiss his claim. *Id.* at 693.

In *Sandoval-Lopez*, the court explained that, according to the Supreme Court in *Peguero v. United States*, 526 U.S. 23 (1999), "'when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.'" *See also*, *Rodriguez v. United States*, 395 U.S. 327 (1969). The *Sandoval-Lopez* court noted that this amounts to saying "'it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client,' but that is the law on filing a notice of appeal." *Sandoval-Lopez*, 409 F.3d at 1197.

"This proposition of law controls both the deficient performance prong of *Strickland* and the prejudice prong." *Id.* It is deficient performance to not appeal, and prejudice exists because "but for" his lawyer's refusal, defendant would have appealed. *Id.* "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Id.* The mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000) (where defendant never expresses desire to appeal, the inquiry is whether the lawyer should have consulted with the client about an appeal).

Here, Petitioner does not allege a mere expression of an interest in appealing, but asserts that he requested, and his attorney refused, an appeal. If true, there has been ineffective assistance of counsel.

The court in *Sandoval-Lopez*, explained that in cases such as this, "'ineffective assistance of counsel' is a term of art that does not mean incompetence of counsel." *Id.* at 1198-99. In other words, the defendant was "probably lucky to have a lawyer who exercised such wise judgment." *Id.* at 1197. For example, filing the notice of appeal will

breach the sentencing agreement the defendant entered into with the Government and give the Government the option of freeing itself from the restraint of the plea bargain. *Id.* at 1198. Petitioner may be very foolish to risk losing the advantage of his negotiated sentence of 57 months on an appeal almost sure to go nowhere in light of his express waiver of his appellate rights, especially since if he prevails and gets a new sentence without the waiver there will only be two points subtracted from his offense level for acceptance of responsibility, and the Government would most certainly deny him the 2-level downward departure which he received for a "fast track" case. This means that at resentencing he could face a guideline sentencing range of 92 to 115 months. "Nevertheless the client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." *Id.* at 1199.

In *Sandoval-Lopez*, the court suggested that when a defendant makes an allegation that counsel has been ineffective by failing to file a requested appeal, "two things can happen: 1) the district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed; or 2) if the state does not object,[2] the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.* at 1198. The government might choose to not object to free itself from the restraint of the agreement or because getting the appeal dismissed based on Defendant's waiver of this right would be less work than an evidentiary hearing. *Id.*

---

[2]The Government may seek reconsideration of the Court's proposed course of action, if it objects. LR Civ. 7.2(g).

6

The Court finds that the most expeditious course of action is to allow the Petitioner to proceed with his appeal. The Court notes, however, that Petitioner is pro se and filed his habeas Petition wherein he stated his intent to file an appeal, without advice of counsel. Given the possible extreme consequence that the Government may seek to withdraw from the negotiated sentencing agreement if Petitioner files a Notice of Appeal, this Court gives him one last chance to reconsider this intended course of action.

"Assuming without deciding that the Petitioner's claim is true,"[3] *id.*, the Court will vacate and reenter the Judgment of Conviction, allowing the Petitioner an opportunity to file an appeal. The Court appoints counsel for purposes of proceeding with his appeal.

**Accordingly,**

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (Doc. 24) filed in CR 11-540 TUC DCB and (Doc. 1) filed in CV 11-652 TUC DCB is GRANTED, as provided below.

**IT IS FURTHER ORDERED** the relief being requested by Petitioner having been granted as provided below, the Clerk of the Court shall enter Judgment to close the civil case: CV 11-652 TUC DCB.

**IT IS FURTHER ORDERED** that Petitioner having filed an Application to Proceed *in Forma Pauperis*, the Court finds that he is without means to retain counsel for an appeal.

**IT IS FURTHER ORDERED** that Andrea Matheson is appointed to represent the Defendant under the Criminal Justice Act for purposes of proceeding with a direct

---

[3] The Court notes that Petitioner's attorney, Raul A. Miranda, filed an affidavit attesting that Defendant did not request Mr. Miranda file a Notice of Appeal. (Doc. 33: Response, Ex. 1: Affidavit ¶ 14.)

appeal. **The Clerk of the Court shall send a copy of this Order to Ms. Andrea Matheson.**

      **IT IS FURTHER ORDERED** that subsequent to consulting with the Petitioner, counsel shall file a notice with this Court as to whether he wishes to reconsider filing an appeal or wants to proceed.

      **IT IS FURTHER ORDERED** that in the event Petitioner wants to proceed with an appeal, the Judgment and Commitment (Doc. 21) entered in this case on June 16, 2011, shall be vacated and reentered by the Clerk of the Court to allow Petitioner to file a Notice of Appeal.

      DATED this 6th day of April, 2012.

                                  David C. Bury
                                  United States District Judge